UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIMBERLY EATON; and JOE EATON,

    Plaintiffs,

v.                                            Case No. 6:17-cv-1096-Orl-37KRS

VISTA OUTDOORS, INC; BELL
SPORTS, INC.; and WALMART
STORES, INC.,

    Defendants.

## ORDER

On behalf of themselves and their minor child, Plaintiffs initiated this products liability action in state court on May 24, 2017. (*See* Doc. 9.) Thereafter, Defendants removed the case to this Court on the basis of diversity jurisdiction. (Doc. 6 ("**Notice of Removal**").) Upon review of the Notice of Removal and the Complaint, the Court finds that Defendants have failed to adequately establish Plaintiffs' citizenship.

When a case is removed, the defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity requires that the citizenship of each plaintiff be diverse from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The citizenship of an individual is determined

-1-

by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Residence alone is insufficient. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). In addition, a representative of an infant is deemed to be a citizen only of the same state as the infant. 28 U.S.C. § 1332(c).

In the Notice of Removal, Defendants assert that "Plaintiff is a citizen of Florida" based only on the allegation asserted in the Complaint that "Plaintiffs are residents of Melbourne, Florida." (Doc. 9 (citing Doc. 6, ¶ 1)). While Defendants append to the Notice of Removal a pre-suit settlement demand letter that implies that Plaintiffs are citizens of Florida (*see* Doc. 6-2, pp. 2–6), such a tenuous implication does not cure the patently deficient Notice of Removal. Because Defendants have insufficiently established Plaintiffs' individual or representational citizenship, they have failed to carry their burden of invoking the Court's subject matter jurisdiction. Accordingly, on or before Thursday, **July 6, 2017**, Defendants are **DIRECTED** to file an amended Notice of Removal that remedies the deficiency identified in this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 29, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record