UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIMBERLY EATON; and JOE EATON,

    Plaintiffs,

v.                                                        Case No. 6:17-cv-1096-Orl-37KRS

VISTA OUTDOORS, INC; BELL
SPORTS, INC.; and WALMART
STORES, INC.,

    Defendants.

## ORDER

On June 15, 2017, Defendants removed this products liability action to this Court on the basis of diversity jurisdiction ("**Notice of Removal**"). (Docs. 1, 6.) Upon review, the Court found the jurisdictional allegations in the Notice of Removal to be deficient and ordered that Defendants file an amended noticed of removal on or before **July 6, 2017**. (Doc. 16 ("**June 29 Order**").) When Defendants failed to comply with the June 29 Order, the Court directed them to: (1) file an amended notice of removal on or before **July 14, 2017**; and (2) show cause why sanctions should not be imposed. (Doc. 21 ("**July 12 Order**").) Defendants timely filed an amended notice of removal (Doc. 23 ("**Amended Notice of Removal**")) and a response to the July 12 Order (Doc. 22 ("**Response**")).

Here, the Amended Notice of Removal, like its predecessor, asserts that Plaintiffs are citizens of Florida but relies exclusively on the residence allegation in the Complaint

-1-

for support ("**Residence Allegation**"). (Doc. 23, p. 2.) In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity requires that the citizenship of each plaintiff be diverse from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Residence alone is insufficient. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). In their Response, Defendants represent that: (1) despite their efforts, they could not obtain evidence establishing that Plaintiffs are domiciliaries of Florida; and (2) as such, it was impossible to comply with the June 29 Order. (Doc. 22, pp. 2–3.) Nevertheless, Defendants suggest that the Court should presume that Plaintiffs are citizens of Florida based only on the Residence Allegation. (*See id.* at 2; *see also* Doc. 23 p. 2 n.1.) The Court finds Defendants' argument unavailing.

    Not every case is a federal one. Federal courts are courts of limited jurisdiction, and may only hear cases that they have been authorized to hear by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Consequently, federal courts construe removal statutes strictly and resolve all jurisdictional doubts in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *see also Burns*, 31 F.3d at 1095. Hence

district courts must stand sentry, guarding the principle of limited jurisdiction against the assault of imprecise removal allegations. Courts may consider a party's residence as part of the "totality of the evidence" indicating domicile, but here, Defendants have provided no additional evidence to supplement the Residence Allegation. *See Taylor v. Am. Heritage Church Fin., Inc.*, No. 6:10-cv-559-Orl-31GJK, 2010 WL 2889694, at *2 (M.D. Fla. Jul. 19, 2010) (considering payment of taxes, voter registration, driver's licenses, location of bank accounts, and membership in clubs).

Defendants' foothold in federal court rests improperly on the Residence Allegation, which, standing alone, does not confer federal jurisdiction. As the proponent of removal, the defendant bears the burden of establishing removal jurisdiction. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). As Defendants have failed to carry their burden, remand is warranted. *See CSDVRS, LLC v. Purple Commc'ns, Inc.*, 979 F. Supp. 2d 1302, 1306 (M.D. Fla. 2013) (remanding because of "doubt" regarding citizenship of the parties where a removing defendant did not supply proof of complete diversity).[1]

In addition, the Court is troubled by defense counsel's reasoning for failing to comply, or even respond, to the June 29 Order—that is, counsel's purported inability to obtain supplemental evidence of citizenship. (*See* Doc. 22, p. 3.) In failing to comply or respond, counsel needlessly wasted the Court's limited resources in directing them to

---

[1] On July 17, 2017, Plaintiffs filed a motion to remand (Doc. 24 ("**Remand Motion**").) In light of reasons espoused in this Order, the Court has not addressed the Remand Motion.

respond a second time. Though the Court declines to impose sanctions, defense counsel is admonished that a request for affirmative relief from a court order is a far superior course of action to simply ignoring the obligation to comply.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This action is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.

2. Plaintiff's Motion To Remand (Doc. 24) is **DENIED** as moot.

3. The Clerk is **DIRECTED** to terminate all pending motions, and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 18, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
Circuit Court of the Eighteenth Judicial Circuit
in and for Brevard County, Florida